Successors of Esmoris & Co., Appellant, *v.* Registrar of Property of San Germán, Respondent.

No. 998. Submitted June 16, 1937.—Decided June 18, 1937.

O. *Souffront* for appellant. The registrar appeared by brief.

Mr. Justice Hutchison delivered the opinion of the court.

In a contract for agricultural advances, Manuel L. Rivera acknowledged receipt of something over $1,000 which he promised to pay December 31, 1937, with interest at 9 per cent. Payment was to be made in coffee out of the next crop. By express agreement of the parties a lien was created upon that crop and all future crops "while the debt subsist."

A registrar of property recorded the contract as to the lien on the current crop, but refused to record it as a lien on future crops.

Section 4 of a law approved March 10, 1910 (Comp. Stat. 1911, p. 12, sec. 55) reads as follows:

"The indebtedness of advances for agricultural purposes, from the date of the filing thereof in the reg'stry hereinafter provided for, shall have preference over all other subsequent indebtedness of whatever nature, as to the crops raised on the property for which the advances are made, during the term of the contract, and always until the creditor shall have been fully paid for the total sum of his advances, except indebtedness for taxes in favor of The People of Porto Rico as provided by Law.

"Where the creditor has not been fully paid for the amount of his credit during the term of the contract, it shall be the duty of such creditor to enter into a contract for the extension of such term with the debtor, or bring suit as provided in section nine hereof, w:thin six months after the expiration of the contract."

The registrar relies on the second paragraph of this section.

The third paragraph of section 1 of the same law provides that:

'The parties, furthermore, may set forth in the contract such legal covenants as they may deem proper.''

We find no conflict between the third paragraph of section 1 and the second paragraph of section 4.

Section 1207 of the Civil Code (1930 ed.) also provides that:

''The contracting parties may make the agreement and establish the clauses and conditions which they may deem advisable, provided they are not in contravention of law, morals, or public order.''

It may be desirable that the lien for agricultural advances should be limited to the current crop, or that the parties, when they extend the lien so as to cover future crops, should be required to specify the number of such crops, but these are questions for the Legislature. See *Colom* v. *Registrar*, 47 P.R.R. 872; *G. Llinás & Co.* v. *Registrar*, 47 P.R.R. 775; *Pérez* v. *Claudio*, 48 P.R.R. 559.

That part of the ruling appealed from which denied the record of the contract as to the lien on future crops, must be reserved.

Mr. Justice Córdova Dávila took no part in the decision of this case.